IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMRA J. FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-730-D |
| | ) |
| INTEGRIS HEALTH, INC., d/b/a | ) |
| INTEGRIS HEALTH d/b/a CORPORATE | ) |
| INTEGRIS HEALTH, | ) |
| | ) |
| Defendant. | ) |

## **O R D E R**

This matter comes before the Court on cross-motions for summary judgment filed pursuant to Fed. R. Civ. P. 56: Plaintiff's Motion for Partial Summary Judgment [Doc. No. 25]; and Defendant's Motion for Summary Judgment [Doc. No. 26]. Both parties seek a summary adjudication of Plaintiff's claim that Defendant terminated her employment in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. Each party also seeks the determination of a discrete issue: Plaintiff, whether Defendant's affirmative defense of failure to mitigate damages lacks factual support; and Defendant, whether an affirmative defense based on the after-acquired evidence doctrine limits Plaintiff's available damages. The Motions are fully briefed and ready for disposition.[1]

---

[1] Defendant filed a response [Doc. No. 28] in opposition to Plaintiff's Motion and a reply brief [Doc. No. 33] in support of its Motion. Plaintiff filed a response [Doc. No. 29] in opposition to Defendant's Motion and a reply brief [Doc. No. 32] in support of her Motion.

## Standard of Decision

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In appropriate circumstances, a party may obtain summary judgment on a part of a claim or defense. *See id.*; *see also Harrison v. Eddy Potash, Inc.*, 248 F.3d 1014, 1023 (10th Cir. 2001) (plaintiff "was entitled to summary judgment on three elements of her Title VII claim"). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id.* at 255.

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries this burden, the nonmovant must go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see* Fed. R. Civ. P. 56(c)(1)(A). If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim or defense, all other factual issues concerning the claim or defense become immaterial. *See Celotex*, 477 U.S. at 322.

**Statement of Undisputed Facts**

Plaintiff Tamra Fields was employed by Defendant Integris Health, Inc. as an IT applications analyst. Defendant is an FMLA-covered employer, and Plaintiff met the statutory requirements for entitlement to FMLA leave. She was approved to take intermittent FMLA leave to care for each of her two children (a son and a daughter) in October 2015. The approvals for this leave were set to expire in March and April of 2016. Between October 2015 and May 2016, Plaintiff was disciplined for attendance and work performance issues, and she received a performance evaluation with an overall rating of "Needs Improvement."[2]

In April and May, 2016, Plaintiff sought to recertify her intermittent FMLA leave. The facts surrounding the paperwork required for recertification are contested. On June 6, 2016, Mr. Jung went to Plaintiff's desk to speak to her about work-related matters and learned that she was not at work. The parties dispute whether Plaintiff's absence on this occasion was excused. Plaintiff has testified that she had a preexisting agreement with Mr. Jung to take her son to counseling sessions; Defendant denies that such an agreement existed. Mr. Jung contacted a human resources employee, Stephanie Curd, about how to treat Plaintiff's absence and whether her FMLA paperwork had been approved. Ms. Curd consulted Defendant's leave specialist, Mechele Berry, about Plaintiff's FMLA leave status. In checking Plaintiff's FMLA papers, Ms. Berry noticed irregularities that caused

---

[2] Plaintiff contends any absenteeism and performance issues are irrelevant because she was not terminated for these reasons, according to Defendant's contemporaneous explanations for the termination decision.

her to conclude Plaintiff had submitted false or forged certification forms. She informed Ms. Curd of this finding, and Ms. Curd relayed the information to Mr. Jung.

Mr. Jung terminated Plaintiff's employment on June 7, 2016, for falsification of her FMLA papers. It later became unclear whether Ms. Berry may have been mistaken and a miscommunication of information may have caused the papers to appear false or forged. Defendant contends the facts surrounding the FMLA paperwork support a conclusion that, regardless whether a falsification actually occurred, Defendant held a sincere, honest belief that Plaintiff had been dishonest or untruthful when it terminated her employment. Plaintiff disputes this contention and asserts that this excuse, even if established, is legally insufficient to avoid liability for interfering with Plaintiff's exercise of FMLA rights.

During discovery, Defendant acquired evidence – consisting of medical records for Plaintiff's son and her deposition testimony – that tends to show her absence from work on June 6, 2016, was not caused by a legitimate FMLA-protected activity. Plaintiff disputes that Defendant can show it would have terminated Plaintiff on this basis if it had known of the evidence on June 7, 2016. Also, as a procedural matter, Plaintiff points out that Defendant has not pleaded an affirmative defense based on the after-acquired evidence doctrine, discussed *infra*.

After her termination, Plaintiff was unable to find a comparable job, but she did not try using a temporary employment or staffing agency. Plaintiff currently works part-time as a cafeteria monitor at a public elementary school earning an hourly wage of $8.00. During her employment by Defendant, she earned an annual salary of $83,433.40 or $40.11 per hour.

4

**Discussion**

**A.    FMLA Liability**

The Tenth Circuit "has recognized two theories of recovery under § 2615(a): an entitlement or interference theory arising from § 2615(a)(1), and a retaliation or discrimination theory arising from § 2615(a)(2)." *Metzler v. Fed. Home Loan Bank*, 464 F.3d 1164, 1170 (10th Cir. 2006). "These two theories of recovery are separate and distinct theories that 'require different showings[,] differ with respect to the burden of proof,' and 'differ with respect to the timing of the adverse action.'" *Dalpiaz v. Carbon Cty.*, 760 F.3d 1126, 1131 (10th Cir. 2014) (quoting *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007)).

**1.    Interference**

The Tenth Circuit has explained FMLA liability under an entitlement or interference theory as follows:

> To establish a claim of FMLA interference under § 2615(a)(1), an employee must show "(1) that she was entitled to FMLA leave, (2) that some adverse action by the employer interfered with her right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of her FMLA rights." *Campbell*, 478 F.3d at 1287 (internal quotation marks and brackets omitted). To satisfy the second element of an interference claim – adverse action interfering with the right to take FMLA leave – "the employee must show that she was prevented from taking the full 12 weeks[] of leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial permission to take leave." *Id*. Thus, an interference claim arises when an adverse employment decision is made before the employee has been allowed to take FMLA leave or while the employee is still on FMLA leave. *Id*.

*Dalpiaz*, 760 F.3d at 1132 (footnote omitted). Under this theory, "the employer bears the burden of proof on the third element of an interference claim." *Campbell*, 478 F.3d at

5

1287.  "The interference or entitlement theory is derived from the FMLA's creation of substantive rights.  If an employer interferes with the FMLA-created right to medical leave or to reinstatement following the leave, a deprivation of this right is a violation regardless of the employer's intent."  *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002); *see Metzler*, 464 F.3d at 1180.

It is undisputed that Plaintiff was entitled to FMLA leave, that she had been approved to take intermittent leave to care for her children, and that she was in the process of renewing the prior approval at the time of her termination.  Defendant takes inconsistent positions regarding whether Plaintiff can satisfy the first two elements of an interference theory under these facts.  Defendant assumes in argument regarding its Motion that Plaintiff can establish these elements (Def.'s Mot. at 9-10), but argues in opposition to Plaintiff's Motion that she cannot establish them (Def.'s Resp. Br. at 10-11).[3]

Regardless of this inconsistency, however, Defendant's challenge to this aspect of Plaintiff's interference claim is based solely on later-developed facts showing that she may not have an FMLA-protected reason for her absence from work on June 6, 2016.  *See* Def.'s Resp. Br. at 11; Def.'s Reply Br. at 3.  This is an inappropriate use of after-acquired evidence, discussed *infra*, and these facts have no bearing on whether Plaintiff can establish the requisite elements of her claim.  Plaintiff has presented sufficient evidence to show for summary judgment purposes that she was entitled to FMLA leave and her termination

---

[3] Defendant also adopts the latter position in its reply brief regarding its Motion.  *See* Def.'s Reply Br. at 3.  However, a reply brief is an improper means of raising new matter that was not argued in the original motion.

prevented her from taking the full 12 weeks of leave guaranteed by the FMLA. Thus, the burden of proof regarding the third element shifts to Defendant.

"If the employee can demonstrate that the first two elements of interference are satisfied, the employer then bears the burden of demonstrating that the adverse decision was not 'related to the exercise or attempted exercise of [the employee's] FMLA rights.'" *Dalpiaz*, 760 F.3d at 1132 (quoting *Campbell*, 478 F.3d at 1288-89) (internal quotation omitted). Defendant attempts to meet its burden in this case by presenting evidence that Plaintiff was terminated for a reason unrelated to the fact she was claiming FMLA leave, that is, she was terminated for falsification of the documents that were required to obtain such leave. Defendant argues that, regardless whether that decision was mistaken in hindsight, it is protected from FMLA liability because the decision was based on a sincere belief that a falsification had occurred.

Defendant relies on *Dalpiaz*, 760 F.3d at 1134, in which the Tenth Circuit held that only an indirect causal link existed between an employee's FMLA leave and her termination where the employee failed to submit her leave forms in a timely manner, abused the employer's sick leave policy, and appeared untruthful about her health condition. The court of appeals concluded that the employer had "successfully established that [the employee] would have been dismissed regardless of her request for an FMLA leave" by showing that it "terminated her because it sincerely, even if mistakenly, believed she had abused her sick leave and demonstrated significant evidence of untruthfulness." *Id*.

As a factual matter, Plaintiff disputes that Defendant can satisfy its burden of proof on this element of her interference claim. She points to evidence that draws into question whether Defendant made an honest mistake when it accused her of falsifying documents. The Court agrees with Plaintiff that there is a genuine dispute of material fact on this issue.

Plaintiff also asserts, however, that the reasoning of *Dalpiaz* does not apply to the circumstances of this case or, if it does, the court in *Dalpiaz* cannot possibly have meant what it said. Plaintiff argues that allowing an employer who interferes with FMLA leave to escape liability based on an honest belief that its action was justified by a reason indirectly related to such leave, re-introduces a question of the employer's subjective intent; she contends such a rule would be contrary to binding precedent precluding the use of a pretext analysis for interference claims. *See* Pl.'s Resp. Br. at 14-15.

This Court is bound by published decisions of the Tenth Circuit, absent *en banc* consideration, "unless an intervening Supreme Court decision is contrary to or invalidates [the] previous analysis." *Chevron Mining Inc. v. United States*, 863 F.3d 1261, 1281 (10th Cir. 2017). Plaintiff points to no intervening Supreme Court decision or *en banc* decision of the Tenth Circuit; she simply seems to argue that *Dalpiaz* was wrongly decided. *See* Pl.'s Reply Br. at 5. Further, the Court is not persuaded by Plaintiff's attempt to distinguish *Dalpiaz* on its facts. If Defendant establishes that Plaintiff was terminated based on an honest belief that she had falsified and forged her FMLA paperwork, Defendant may be able to carry its burden to show that its termination decision was not related to Plaintiff's exercise or attempted exercise of her FMLA rights.

Therefore, because there is a genuine dispute of material facts that precludes a finding of liability on Plaintiff's FMLA interference claim, the Court finds that neither party is entitled to summary judgment on this claim.

### 2. Retaliation

"Retaliation claims under the FMLA are subject to the burden shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 . . . (1973)." *Metzler*, 464 F.3d at 1170. "To make out a prima facie retaliation claim, [a plaintiff] must show that: '(1) she engaged in a protected activity; (2) [the employer] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action.'" *Campbell*, 478 F.3d at 1287 (quoting *Metzler*, 464 F.3d at 1171). With regard to the third element, the Tenth Circuit "ha[s] repeatedly recognized temporal proximity between protected conduct and termination as relevant evidence of a causal connection sufficient to justify an inference of retaliatory motive." *Metzler*, 464 F.3d at 1171 (internal quotation omitted). If a *prima facie* case is established, "the defendant must offer a legitimate non-retaliatory reason for the employment action," and "[t]he plaintiff then bears the ultimate burden of demonstrating that the defendant's proffered reason is pretextual." *Metzler*, 464 F.3d at 1170; *see Campbell*, 478 F.3d at 1290.

In this case, Defendant challenges only Plaintiff's ability to establish the third element of her *prima facie* case. The Court finds this challenge lacks merit. Temporal proximity between an exercise of FMLA rights and a termination of employment is sufficient to establish a causal connection "if the termination is very closely connected in time to the protected activity." *See Metzler*, 464 F.3d at 1171 (internal quotation and

emphasis omitted). Plaintiff has presented evidence that she communicated her latest request for re-approval of FMLA leave to care for her son on May 23, 2016; her termination occurred on June 6, 2016. This close proximity is sufficient to show a causal connection.

Defendant also relies on its showing of a legitimate, nonretaliatory reason for Plaintiff's discharge (her alleged falsification and dishonesty) and argues that Plaintiff cannot show this reason is pretextual. "A plaintiff can establish pretext by showing the defendant's proffered non-discriminatory explanations for its actions are so incoherent, weak, inconsistent, or contradictory that a rational factfinder could conclude they are unworthy of belief." *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1038-39 (10th Cir. 2011) (internal quotations and alterations omitted); *see Foster v. Mountain Coal Co.*, 830 F.3d 1178, 1194 (10th Cir. 2016). "A plaintiff demonstrates pretext by showing either that a discriminatory reason more likely motivated the employer or that the employer's proffered explanation is unworthy of credence." *Zamora v. Elite Logistics, Inc.*, 478 F.3d 1160, 1166 (10th Cir. 2007) (internal quotation omitted).

In her summary judgment response, Plaintiff has come forward with evidence showing weaknesses in Defendant's explanation of its reason for terminating her employment, and evidence from which a factfinder could reasonably infer that a retaliatory motive existed. Plaintiff points to facts suggesting that Mr. Jung was frustrated by Plaintiff's continued absences and resistant to her use of intermittent FMLA leave.[4]

---

[4] Defendant also provides in its summary judgment materials performance-based reasons that might justify Plaintiff's termination, and argues that Plaintiff's "dishonesty, in conjunction with the history of absenteeism and work performance issues justified Plaintiff's dismissal." *See*

Viewing the facts and evidence in the light most favorable to Plaintiff, as required by Rule 56, the Court finds that Plaintiff has made a minimally sufficient showing to demonstrate a genuine dispute of material fact regarding pretext.

Therefore, the Court finds that Defendant is not entitled to summary judgment on Plaintiff's FMLA retaliation claim.

**B.    After-Acquired Evidence Defense**

In *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995), the Supreme Court held in a wrongful termination case that "after-acquired evidence of misconduct by the former employee during the time of employment, while not relieving the employer of liability, may be relevant to the issue of damages." *See Perkins v. Silver Mountain Sports Club & Spa, LLC*, 557 F.3d 1141, 1145 (10th Cir. 2009) (emphasis omitted); *see also Ricky v. Mapco, Inc.*, 50 F.3d 874, 876 (10th Cir. 1995) ("after-acquired evidence of misconduct cannot act as a complete bar to recovery in an [employment discrimination] action, but rather only affects the amount of damages an employee may recover").[5] The Tenth Circuit has stated that applying *McKennon* involves "a two step process":

> First, the employer must establish "that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon*,

---

Def.'s Mot. at 13. This argument seems inconsistent with its position that Plaintiff was terminated solely for falsifying her leave papers.

[5] "Under *McKennon*, information that an employer learns after it has discharged an employee is not relevant to the determination of whether an employer violated Title VII because it necessarily played no role in the actual decision." *Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 554 (10th Cir. 1999).

11

> 513 U.S. at 362-63, 115 S.Ct. 879; *see Ricky v. Mapco, Inc.*, 50 F.3d 874, 876 (10th Cir.1995) (stating the employer must not only show that it was unaware of the misconduct at the time it terminated the employee, but that the misconduct was "serious enough to justify discharge" and that it would have discharged the employee had it known about the misconduct). Second, and only after an employer has met this initial showing, the after-acquired evidence may then be considered to limit the damages remedy available to the wrongfully terminated employee. *McKennon*, 513 U.S. at 362, 115 S.Ct. 879 ("The beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered.").

*Perkins*, 557 F.3d at 1145-46. Defendant seeks the benefit of the defense in this case based on evidence developed during discovery that shows Plaintiff was not absent from work on June 6, 2016, to take her son to a counseling session, as she previously claimed.

Plaintiff first resists Defendant's assertion of the after-acquired evidence defense in a summary judgment motion because it is an affirmative defense that was not included in Defendant's Answer, as required by Fed. R. Civ. P. 8(c). Defendant argues that its failure to plead the defense should be excused because it necessarily learned of the after-acquired evidence after the Answer was filed and Plaintiff will not be prejudiced by consideration of the defense because she received notice of it well in advance of trial. Plaintiff disagrees regarding the alleged lack of prejudice, arguing that Defendant's delay in raising the defense has permitted pertinent evidence (such as her recollection of what she did that afternoon) to be lost.

At least one federal appellate court has held that the after-acquired evidence doctrine "is an affirmative defense that an employer must plead in its answer or otherwise ensure that it is a subject of the pretrial order." *Holland v. Gee*, 677 F.3d 1047, 1065 (11th Cir. 2012). In *Holland*, the employer's failure to plead the defense prevented the district court

from applying it to vacate an award of back pay. *Id*. However, the Tenth Circuit has declined to adhere strictly to the pleading requirement of Rule 8(c) "when the purpose of the requirement has been otherwise fulfilled." *See Ahmad v. Furlong*, 435 F.3d 1196, 1201 (10th Cir. 2006). "Rather than demanding that the defendant first move to amend the answer [to plead an affirmative defense], [courts] need only apply the same standards that govern motions to amend when [they] determine whether the defendant should be permitted to 'constructively' amend the answer by means of the summary-judgment motion." *Id.* at 1202.

Although the parties' briefs do not squarely address whether a constructive amendment of Defendant's Answer should be allowed, the Court finds that Defendant should not be precluded from asserting the defense. Plaintiff does not argue that Defendant engaged in undue delay in failing to raise the defense earlier or that Defendant acted with dilatory motive. *See Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (listing appropriate reasons for denying leave to amend a pleading under Rule 15(a)(2)). Plaintiff also does not present a convincing case of undue prejudice from permitting Defendant to raise the defense in a timely-filed motion for summary judgment.

Turning to the merits of the after-acquired evidence defense, the Court finds that genuine disputes of material facts preclude summary judgment in Defendant's favor on this defense, as requested by its Motion. To prevail on the defense, Defendant must prove that Plaintiff engaged in misconduct serious enough to justify discharge and that it would have discharged Plaintiff on this basis if it had known about the misconduct. Plaintiff has

13

responded to Defendant's Motion by identifying facts and evidence from which reasonable minds could differ as to whether an unexcused absence by Plaintiff on the afternoon of June 6, 2016 (after 3:00 p.m.), would have resulted in her immediate termination.

For these reasons, the Court finds that Defendant is not entitled to summary judgment on its after-acquired evidence defense.

## C. Defendant's Mitigation Defense

Defendant has asserted as an affirmative defense to Plaintiff's claim for damages allegedly caused by the termination of her employment that Plaintiff failed to mitigate her damages. *See* Answer [Doc. No. 3] at 4, ¶ 6. It is well settled that this defense requires Defendant to prove that Plaintiff "did not exercise reasonable efforts to mitigate damages." *McClure v. Ind. Sch. Dist. No. 16*, 228 F.3d 1205, 1214 (10th Cir. 2000). "To satisfy its burden, 'the [employer] must establish (1) that the damage suffered by plaintiff could have been avoided, i.e. that there were suitable positions available which plaintiff could have discovered and for which he was qualified; and (2) that plaintiff failed to use reasonable care and diligence in seeking such a position.'" *Id*. (quoting *EEOC v. Sandia Corp.*, 639 F.2d 600, 627 (10th Cir. 1980)).

By her Motion, Plaintiff challenges Defendant to come forward with facts and evidence to demonstrate the first element of its defense, that other comparable jobs were available. Defendant makes no effort to respond to this challenge but, instead, simply asserts that it may yet obtain evidence of available jobs before the close of discovery and that such evidence could be used to impeach Plaintiff at trial without violating a duty of disclosure under Fed. R. Civ. P. 26(a)(3). *See* Def.'s Resp. Br. [Doc. No. 28] at 18-19.

Regarding the issue raised by Plaintiff's Motion, Defendant presents no facts or evidence that would establish the availability of suitable positions after Plaintiff's termination that she failed to apply for or otherwise pursue. Defendant's speculative arguments about what evidence it might discover should it engage further factual development in this subject area are insufficient to avoid summary judgment. Defendant does not seek to delay a decision in the manner provided by Rule 56(d), nor has it requested to supplement its brief to present any evidence it might have obtained during the pendency of Plaintiff's Motion. Under the circumstances, the Court finds that Defendant has failed to satisfy its obligation under Rule 56 to provide support for an issue on which it bears the burden of proof.

In summary, the Court finds that Defendant has failed to demonstrate the existence of a genuine dispute of material fact regarding an essential element of its affirmative defense. Therefore, Plaintiff is entitled to summary judgment in her favor on the defense of failure to mitigate damages.

**Conclusion**

For these reasons, the Court finds that neither party is entitled to summary judgment on any issue related to Plaintiff's FMLA claim against Defendant, and that Defendant is not entitled to summary judgment on its after-acquired evidence defense, but that Plaintiff is entitled to summary judgment on the affirmative defense of failure to mitigate damages.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Partial Summary Judgment [Doc. No. 25] is GRANTED in part and DENIED in part, as set forth herein, and Defendant's Motion for Summary Judgment [Doc. No. 26] is DENIED.

IT IS SO ORDERED this 29th day of March, 2019.

                                                                  TIMOTHY D. DeGIUSTI  
                                                                  UNITED STATES DISTRICT JUDGE